PER CURIAM.
Appellants seek reversal of a decree which validated a municipal improvement revenue bond issue in the amount of Five Million ($5,000,000) Dollars. Repayment of the revenue bonds was secured by a pledge of income from a so-called “franchise tax” which the Florida Power Corporation had agreed to pay to the City of St. Petersburg.
The appellants contend that the “franchise tax” arrangement and a collateral agreement between the City and the Power Corporation constituted a franchise within the meaning of Section 167.22, Florida Statutes, F.S.A., and a section of the City Charter. Each of the statutes requires freeholder approval as a condition to the validity of a utility franchise. In addition, appellants contend that the basic arrangement was invalid because it constituted a sale of a public utility by the City within the contemplation of a charter provision which requires freeholder approval. Appellants further contend that the arrangement provides for the expenditure of public funds for private purposes contrary to Sections 5, 7 and 10, Article IX of the Florida Constitution, F.S.A.
We have considered all of the points raised by the appellants in the light of the record and briefs. We find that they are without merit and that the trial judge ruled correctly on all points. Our consideration of the record leads us to the conclusion that an extended opinion would add little to the comprehensive validation decree entered by the trial judge.
The decree of validation is hereby affirmed.
TERRELL, Acting C. J., and THOMAS, DREW, THORNAL and O’CONNELL, JJ., concur.